# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| Cheryl Young, | ) | Civil Action No. 6:19-cv-00677-JMC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | ) | |
| Defendant. | ) | |

This action arises from Plaintiff Cheryl Young's application to the Social Security Administration seeking disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), which recommends that the court affirm the Commissioner's decision because "[t]he Commissioner's decision is based upon substantial evidence and is free of legal error." (ECF No. 17 at 37.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 17) and **AFFIRMS** the final decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 17.) Plaintiff applied for DIB and SSI benefits in September 2014, alleging a disability onset date of August 14, 2014. (*Id.* at 1 (citing ECF No. 9-7 at 2–14).) Her alleged disability is caused by degenerative disc disease of the cervical, thoracic, and lumbar spine, bursitis of the hips, and bilateral carpal tunnel syndrome. (*Id.* at 2.) The Social Security Administration denied Plaintiff's initial application and her subsequent request for

reconsideration. (*Id.*) Plaintiff appeared before an Administrative Law Judge ("ALJ") in April and October 2017, seeking a review of her application. (*Id.* at 1–2 (citing ECF Nos. 9-2 at 63–87; 9-3 at 2–29).) In November 2016, the ALJ issued an "Unfavorable Decision" that denied Plaintiff's request for DIB and SSI, which is based on the following findings of fact and conclusions of law:

> The claimant meets the insured status requirements of the Social Security Act through June 30, 2019.
>
> The claimant has not engaged in substantial gainful activity since August 14, 2014, the alleged onset date (20 C.F.R §§ 404.1571 *et seq.*, 416.971 *et seq.*).
>
> The claimant has the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine, bursitis of the hips, and bilateral carpal tunnel syndrome (20 C.F.R. §§ 404.1520(c), 416.920(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925, and 416.926).
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant could lift 20 pounds occasionally and 10 pounds frequently; sit 6 of 8 hours, stand 6 of 8 hours, and walk 6 of 8 hours; never climb ladders/ropes/scaffolds and occasionally climb ramps/stairs, as well as frequent balancing and occasional stooping, kneeling, crouching, and crawling; frequent handling and frequent fingering. The claimant should avoid concentrated exposure to temperature extremes, humidity, vibration, and hazards.
>
> The claimant has no past relevant work (20 C.F.R. §§ 404.1565, 416.965).
>
> The claimant was born on June 14, 1966, and was 48 years old, which is defined as a younger individual age 18 to 49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 C.F.R. §§ 404.1563, 416.963).
>
> The claimant has a limited education and is able to communicate in English (20 C.F.R. §§ 404.1564, 416.964).
>
> Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. §§ 404.1568, 416.968)
>
> Considering the claimant's age, education, work experience, and residual functional

> capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).
>
> The claimant has not been under a disability, as defined in the Social Security Act, from August 14, 2014, through the date of this decision (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(*Id.* at 2-3 (citing ECF No. 9-2 at 21–).) The Appeals Council denied Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* (citing ECF No. 9-2 at 2–52).)

On March 7, 2019, Plaintiff filed a Complaint claiming that the ALJ erred in reaching the decision and seeks a reversal and remand of this case for further administrative proceedings. (ECF No. 1.) The Commissioner filed the Society Security Administrative Record on July 10, 2019. (ECF No. 9.) Plaintiff filed a brief on August 9, 2019 (ECF No. 12), asserting that the ALJ erred as follows: "(1) the ALJ did not provide a logical explanation of his finding . . . (2) did not appropriately account for [her] mix of normal and abnormal physical examination findings; (3) inappropriately applied his own 'medical expertise' in discounting the opinions; (4) used inappropriate and unreasonable language; (5) ignored the consistency of the two opinions; and (6) did not assess the remaining factors appropriately . . . ." (ECF No. 17 at 31 (citing ECF No. 12 at 19-31).) On September 18, 2019, the Commissioner filed a brief generally opposing Plaintiff's claims and asserting that the Commissioner's decision is based on substantial evidence (ECF No. 14), to which Plaintiff filed a response brief on October 2, 2019 (ECF No. 15).

The Magistrate Judge issued a Report on February 2, 2020, recommending that the court affirm the Commissioner's decision because substantial evidence supports the ALJ's assessment that the opinions of Plaintiff's treating physicians are entitled to "little weight" and "[P]laintiff has not pointed to evidence that was allegedly ignored by the ALJ in his decision." (ECF No. 17 at 32

(citing 9-2 at 30, 46–47, 49–50; 9-10 at 27–35; 9-11 at 51, 56–59).) Moreover, the Report notes that "[P]laintiff argues that the ALJ's decision should be remanded because it includes the following 'inappropriate' and 'unreasonable' phrase in the discussion of [a treating physician's] opinion: 'Did not treat claimant until May 2016, how can he comment back to 2012. Hell, the claimant does not even allege disability until 2014.'" (ECF No. 17 at 36 (citing ECF Nos. 12 at 26; 9-2 at 39).) The Magistrate Judge concluded that "[i]t is unclear whether the sentence was a typo, notes that should have been removed from the decision, or deliberately included in the decision" and "its inclusion in the decision does not change the substantial evidence . . . that supports the ALJ's opinion analysis." The court agrees with the Magistrate Judge's findings but acknowledges that such an error is regrettable. (*Id.*) The parties were apprised of their opportunity to file specific objections to the Report and due by March 6, 2020. (*Id.*) The record shows that neither party has filed objections to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case and finds that there is no clear error in the Report. *See Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 17) and **AFFIRMS** the Commissioner's final decision.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

April 6, 2020
Columbia, South Carolina